Surjit SINGH, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–72752.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 9, 2004.

Earle A. Sylva, Esq., Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Hillel Smith, Anthony W. Norwood, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM **

Surjit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' summary affirmance of the immigration judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

Singh challenges the IJ's adverse credibility determination. Because the IJ offered specific, cogent reasons for questioning Singh's credibility, and because Singh has not shown that the evidence compels a conclusion to the contrary, substantial evidence supports the IJ's adverse credibility determination. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003). Accordingly, Singh failed to establish eligibility for asylum. *See id.*

Because Singh failed to establish eligibility for asylum, he also failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Singh is not entitled to CAT relief because he did not demonstrate that it is more likely than not that he would be tortured if returned to India. *See Malhi,* 336 F.3d at 993.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.